Yan Brunt, P. J.
This action was brought by an owner of property abutting upon Ninth avenue for an injunction to restrain the defendant from maintaining and operating its railroad on said avenue in front of the premises of the plaintiff, and to recover damages for alleged past injury due to the maintainance and operation of the road. Upon this appeal, the judgment roll only being presented, the sole question open for discussion is whether .upon the facts found, the plaintiff was entitled to greater relief than he obtained, which was a judgment dismissing the complaint,, without costs.
The learned referee before whom the case was tried found that the defendant, under authority duly received, constructed, maintained and operated its railroad, and that defendant was also invested with power of eminent domain and was authorized to-acquire any real property needed for such railroad upon payment of just compensation; that the bed of Ninth avenue in front of the-premises in suit is owned by the mayor, aldermen and commonalty of the city of New York, and the plaintiffs have never had any private right or easement therein other than the easements of light, air and access appurtenant to said premises; and that the said-easements appurtenant to the plaintiffs’ land, taken for the said railway uses, in and of themselves, apart from any consequential damages to said land from said taking, have only a nominal value.
Th.e referee also found that by the railroad structure, and the operation of the road thereon, the light and air which the plaintiffs’ premises would-otherwise have received have been to some extent cut off, and that said premises have also suffered from the dirt, cinders and smoke caused by the erection and continued maintainance and operation of the road, which have rendered the-plaintiffs’ premises for dwelling purposes less comfortable than they would otherwise have been ; that said railway and stations-afford frequent and easy transit, and the traffic in the said avenue in the vicinity of the premises'in suit is thereby increased, and produces a general benefit in which the plaintiff’s property participates ; that the fee value of the plaintiff’s premises has increased since the construction of the defendant’s road, and the property is-of greater value to-day for business purposes than at any time prior to the construction of the same; that there has been no disparity-between the rate of increase in value experienced by the property in question and other property in the vicinity off the line of the elevated road as would justify the conclusion that the property in question had failed to share in the general increase of values which is shown to have taken place in respect to all real estate in that vicinity ; and, further, that plaintiffs have failed to show that the fee or rental value of the premises in suit has been decreased by the acts of the defendant.
Upon these facts the plaintiffs claim that they were entitled to injunctive relief, although they failed to show that they had sustained any monetary damage by the interference of the elevated railroad with the easements appurtenant to their lots.
Our attention has been called to certain authorities to sustain this proposition, notably the cases of Smith v. City of Rochester, 38 *601 Hun, 612 ; and Corning v. Troy Iron and Nail Factory, 40 N. Y. 191, and also to certain decisions in the elevated railroad cases. Those decisions, however, fail to support the contention which has been urged upon this court by the appellants.
In the cases of Smith v. City of Rochester and Corning v. Troy Iron and Nail Factory, supra, it is true that without the proof of pecuniary damage it was held that an injunction would lie; but in those cases it is to be observed that the party who was engaged in the trespass was doing so without legal right; and, therefore, it was entirely immaterial as to whether damage was occasioned or not; he could not gratify his whims or cater to his interests at the expense of his neighbor. But in the case at bar a very different state of facts exists. It is found by the referee that the construction of the road was under authority of law, and that in the prosecution of this work they had infringed upon certain easements appurtenant to the lot of the plaintiffs which had no value in themselves. Now the principle upon which actions of this nature have been maintained by the courts is that where, by the legal construction of a public work, interests belonging to private parties in the neighborhood of the work have been interfered with, the court will enjoin the prosecution or operation of the work until compensation in money is made for the damages sustained by reason of the interference with these easements. But where such interference has caused no damage, then the very foundation for a judgment in an action of this description is not established. The court will not enjoin the operation of a public work executed under legal authority, simply because some private right is trespassed upon which cannot be compensated for in money because it has no value. It is upon this theory that the courts have laid down the rule that in all cases of consequential damage, the benefits which result from the work must be deducted. In such actions .resulting damages are sought to be recovered; hence, resulting benefits, the courts have held, may be deducted. So in the ease at bar, although these easements may have been interfered with, if the resulting benefits have more than compensated for the inconvenience which the improvements have caused, there is no ground for an action of this character. If this railroad had been built without authority of law an entirely different question would be presented, as in the cases cited; but being by authority of law, and existing and being operated by like authority, it cannot be enjoined except by some person who has suffered pecuniary injury for which he is entitled to compensation.
We think, therefore, that the learned referee was correct in the judgment dismissing the complaint, and that the same should be affirmed, with costs.
O’Briem and Parker, J.J., concur.